**Case No. 22-11355-A**

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 6:21-cv-00189-WWB-EJK

_____

ELIEZER TAVERAS AND VALERIA TAVERAS
Plaintiffs – Appellants,

v.

BANK OF AMERICA, N.A.;
SERVIS ONE, INC., DBA BSI FINANCIAL SERVICES;
CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT AS TRUSTEE
OF ARLP TRUST 4

Defendants – Appellees
_____

**APPELLANTS'
OPENING BRIEF**
_____

Valeria Taveras
Pro se Appellant
12105 SW 110 Street Cir N
Miami FL 33186
Email: valtaveras@yahoo.com

Eliezer Taveras
Pro se Appellant
12105 SW 110 Street Cir N
Miami FL 33186
Email: etaveras2020@gmail.com

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Appellants, Eliezer Taveras and Valeria Taveras ("Appellants"), pro se, and pursuant to Federal Rule of Appellate Procedure 26.1 and this Court's Rule 26-1-1 hereby jointly certify for the best of their knowledge, the following is a complete list of interested persons:

1. The Honorable Wendy W. Berger, United States District Judge, Middle District of Florida.

2. The Honorable Embry J. Kidd, United States Magistrate Judge, Middle District of Florida.

**Plaintiffs/Appellants**

3. Eliezer Taveras, pro se Appellant.

4. Valeria Taveras, pro se Appellant.

**Defendants/Appellees**

5. Bank of America, N.A.

6. Servis One, Inc., DBA BSI Financial Services.

7. Christiana Trust, A Division Of Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity, But As Trustee Of ARLP Trust 4.

**Defendants/Appellees' counsel**

8. James R. Liebler, II; Liebler, Gonzalez & Portuondo, counsel for Bank of America, N.A.

i

9. Clerge, Ricardo – Counsel for Defendant, Bank of America, N.A.

10. Silverstein, Ira S. – Counsel for Defendant, Bank of America, N.A.

11. Pierce, Alan M. – Counsel for Appellee, Bank of America, N.A.

12. Roy Taub; Greespoon Marder LLP., counsel for Servis One, Inc. and Christiana Trust.

13. Silver, Jason D., Counsel for Defendants, Servis One, Inc. and Christiana Trust.

**Amici and Others:**

14. US Bank National Association, As Legal Title Trustee For Truman 2016 SC6 Title Trust.

15. Fay Servicing, LLC.

16. RushMore Loan Management Services.


_____
Valeria Taveras
Pro se Appellant
12105 SW 110 Street Cir N
Miami FL 33186
Email: valtaveras@yahoo.com

_____
Eliezer Taveras
Pro se Appellant
12105 SW 110 Street Cir N
Miami FL 33186
Email: etaveras2020@gmail.com

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ................................................................ i

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES .................................................................. iv

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES ON APPEAL .............................................1

ORAL ARGUMENT STATEMENT ......................................................2

STATEMENT OF THE CASE................................................................2

    I. SUMMARY ....................................................................................2

    II. UNDISPUTABLE FACTS ...........................................................3

    III THE ALLEGED FACTS ..............................................................5

    IV THE COURT'S PROCEEDINGS ................................................7

STANDARD OF REVIEW ...................................................................11

SUMMARY OF ARGUMENT .............................................................12

ARGUMENT .........................................................................................13

    COLORADO RIVER IS UNAPPLICABLE.....................................13

    LEAVE TO AMEND SHOULD BE GRANTED .............................24

CONCLUSION .....................................................................................25

# TABLE OF AUTHORITIES

**Cases**

AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510 (7th Cir. 2001) ................21

Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882 (11th Cir.1990) ................................................................................................................ 11, 14

\* Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320  (11th Cir. 2004) ................................................................................................. 12, 19, 21, 22

Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949) ...............................................1

Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976) .. 3, 14, 22

Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l, 238 F.3d 1300 (11th Cir. 2001) ..............................................................................................................12

Foman v. Davis, 371 U.S. 178 (1962) ....................................................................25

\* Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988). .............22

\* Hall v. United Ins. Co. of Am., 367 F.3d 1255 (11th Cir. 2004) ...........................25

Huon v. Johnson & Bell, Ltd., 657 F.3d 641 (7th Cir. 2011)...................................22

Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127 (11th Cir. 2013)..........14

Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994 (11th Cir. 2004) ....9

\* Moses H. Cone, 460 U.S. 1, 103 S. Ct. 927 (1983).................................... 14, 20, 22

Noonan South, Inc. v. County of Volusia, 841 F.2d 380 (11th Cir.1988) .............20

TruServ Corp. v. Flegles, Inc., 419 F.3d 584 (7th Cir. 2005) ................................21

Twombly, 550 U.S. 544 (2007) ...............................................................................19

United States v. Throckmorton, 98 U.S. 61 (1878) ................................................24

Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282  (11th Cir. 2007). ..............................................................................................................11

**Statutes**

Racketeer Influenced and Corrupt Organizations Act .................................. 3, 12, 20

**Other Authorities**

FL Stat. 817.535(8)(b) ............................................................................................18

Florida RICO............................................................................................ 2, 7, 18, 23

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this dispute pursuant to federal question jurisdiction, 28 U.S.C. §1331; pursuant to 18 USC 1332, on the grounds that complete diversity of citizenship exists between all parties and the amount in controversy exceeds the sum of $75,000.00; and pursuant to principles of pending jurisdiction. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and the exception to the finality rule under Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949). On 3/23/2022 the district court entered its order abstaining under Colorado River. On 4/1/2022 the Plaintiffs/Appellants (hereinafter the "Taveras") filed their Motion for Reconsideration, which was denied by the court on 4/25/2022; on 4/26/2022 the Taveras timely filed the notice of appeal. Fed. R. App. P. 4(a)(1)(A).

## STATEMENT OF ISSUES ON APPEAL

(1) Whether the district court´s finding that the court lacks subject matter jurisdiction pursuant to Colorado River was clearly erroneous; (2) whether the district court finding that a recommendation based on the Colorado River abstention can ignore the facts alleged in the complaint; (3) whether the district court's order staying this action, pending resolution in the state foreclosure action, is appropriate; (4)(a) whether there is a litigation privilege that provides organizations absolute

immunity to commit felonies of perjury and forgery, fraud upon the court, mail fraud, and to violate federal and Florida RICO statutes in equitable actions of foreclosure, (b) whether based in that "litigation privilege" the doctrine of Colorado River bars victims from seeking remedy in federal court pursuant to 18 USC 1964 and other provisions of the law; (5) whether the district court erred by denying the Taveras' Motion Leave to Amend; (6) whether the district court's order is contrary to the Taveras' due process rights and equal protection of the law.

## ORAL ARGUMENT STATEMENT

Because this appeal involves the application of well-established principles regarding court's jurisdiction, oral argument is unnecessary to aid the Court's decisional process.

## STATEMENT OF THE CASE

### I. SUMMARY

On January 27, 2022, the Taveras filed suit against Appellees in the United States District Court, Middle District of Florida. The complaint arose out of the proceedings of a declaratory action, Case No. 2014CA002620 (the "Declaratory Action"), filed by the Taveras in 2014 in the Circuit Court of The Ninth Judicial Circuit in and for Osceola County, Florida (the "state court"), in which the Taveras sought a declaration that a mortgage, referencing a real property owned by them, was null, void, and canceled, and not act as a valid encumbrance on the Property.

2

On 01/29/2015, the state court entered final declaratory judgment in favor of the Taveras. In their Complaint the Taveras mainly allege that Appellees created and conducted a continuing pattern and practice of fraudulent activity, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") in order to get the Declaratory Judgment reversed and the Declaratory Action dismissed, causing the Taveras substantial personal and business loss, distress and mental anguish [Appx Doc 01]. The Taveras seek remedy pursuant to 18 U.S.C. 1964(c) and other Florida statutes. Nevertheless, because Appellee, Christiana Trust, filed a foreclosure action, more than a year after the main facts that are the basis of the Taveras' lawsuit, the circuit court adopted the magistrate judge's recommendations to abstain pursuant to Colorado River[1].

## II. UNDISPUTABLE FACTS

On 9/7/2006, the Taveras bought the Property [Appx Doc 01, ¶¶ 18-20].

On 8/28/2014, the Taveras filed their Declaratory Action in the state court [Appx Doc 01, ¶¶ 22-24], seeking to declare the Mortgage null, void, and canceled, and no act as valid encumbrance on the Property. On 01/29/2015, the state court entered Final Default Declaratory Judgment (the "Declaratory Judgment") in favor of the Taveras [See Appx Doc 12-1, pag 2].

. On 02/25/2015, Appellee, Christiana Trust, A Division of Wilmington

---

[1] <u>Colorado River Water Conserv. Dist. v. United States</u>, 424 U.S. 800 (1976)

Savings Fund Society, FSB, not in its individual capacity, but as Trustee Of ARLP TRUST 4 (the "Trust"), appealed the Declaratory Judgment in the Fifth District Court of Appeal of Florida ("5DCA") [Appx Doc 01, ¶¶ 37]. On around 6/22/2015, Manuel Villegas, acting within the course and scope of his employment or contractual relationship with Appellee, Servis One, Inc., DBA BSI Financial Services ("BSI"), executed a sworn affidavit in the state of Texas [see Appx Doc 12-1, pg 12]; Mr. Villegas attached a copy of a purported promissory note (the "B-Note"), purportedly executed by Appellant, Valeria Taveras on 9/7/2006 [see Appx Doc 01, ¶ 38, and ¶¶ 27-35; see also Appx Doc 12-1, pgs 5-15]. Mr. Villegas' affidavit asserts that Valeria Taveras executed the B-Note [Appx Doc 01, ¶ 40], which **was under custodiam** of BSI [See Appx Doc 12-1, pg 13, ¶ 5 and pg 14 ¶ 13].[2] The B-Note bears an endorsement executed by Christina Schmitt, who purports to be Vice-President of Bank of America, N.A. ("BANA").

On 6/25/2015, the Trust filed its Motion to Vacate the Final Judgment in the underlined Declaratory Action, relying on Mr. Villegas' affidavit [Appx Doc 01, ¶¶ 44-52, and Appx Doc 12-2, ¶¶ 4-7]; and on 7/7/2015 its initial brief in the 5DCA, representing the Trust's "legal rights" to enforce the Mortgage [Appx Doc 01, ¶ 54]. The Motion to Vacate also asserts that Valeria Taveras executed the B-Note [Appx Doc 12-2, ¶ 4 (pg 4)].

---

[2] This evidence that the Note had been mailed or delivered to the state of Texas.

In addition to the above-stated facts, on around 01/18/2016, although the Declaratory Judgment was still enforceable, BSI, on behalf of the Trust, started collecting or trying to collect over $400,000.00 from the Taveras using the mails [Appx Doc 01, ¶¶ 55-58]. As a consequence of Appellee's representation, the Declaratory Judgment was reversed by the 5DCA and the Taveras filed a notice of voluntary dismissal of the Declaratory Action ("Notice of Dismissal"). On around 07/24/2017, the Trust sold the B-Note for an unknown value to U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("US Bank") [Appx Doc 01, ¶¶ 65-71].

## III THE ALLEGED FACTS

On January 27, 2022, the Taveras filed suit against Appellees. Due to the district court's restrictions to access the court during the Covid-19 pandemic, it was necessary to use a link provided on the district court's webpage for all fillings. Accordingly, the Taveras used the link to file their Complaint, nevertheless, they did not realize that the Complaint's exhibits could not go through due to size restrictions. It was only around 2/11/2021 that they found the error and filed the Complaint's exhibits with a notice to the court and opposing parties [See Appx Doc 12]. The court accepted the notice and exhibits to the Complaint.

In their Complaint the Taveras mainly allege:

That Appellees created and conducted a continuing pattern and practice of

fraudulent activity through an association-in-fact enterprise (as that term is defined by 18 U.S.C. § 1961(4), and within the meaning of 18 U.S.C. § 1962(c)), to get the Declaratory Judgment reversed by the 5DCA and vacated in the state court, and the Declaratory Action Dismissed in order to obtain the acquisition of title to, right, or interest in the Property [Appx Doc 01, ¶¶ No. 4-5, and 26-54]. In furtherance of the scheme, BANA manufactured the false promissory note (bearing forged signature of Valeria Taveras), which was used by BSI to fabricate the perjured affidavit; then the Trust attached the perjured affidavit and the false promissory note to the Trust's motion [See Appx Doc 12-1, pgs 12-15]. In addition, the Trust filed its brief in the 5DCA containing materially false statements and representations [Appx Doc 01, ¶¶ No. 53-54]. To induce reliance in their scheme, Appellees agreed to mail mortgage statements collecting or trying to collect money from the Taveras [see Appx Doc 12-2, pgs 15-17]. As a direct consequence of Appellee's misrepresentation, the Declaratory Judgment was reversed by the 5DCA, and the Taveras were induced to file a notice of voluntary dismissal of the Declaratory Action [Appx Doc 01, ¶¶ 59-64]; the Taveras were deprived of a fair trial [Appx Doc 01, ¶ 93]. The Complaint further alleges that Appellee's illegal acts in furtherance of their scheme to defraud caused the Taveras several damages, including substantial business and personal loss, distress, and mental anguish [Appx Doc 01, ¶ No. 64]. In addition, it further alleges that the B-Note was sold as legitime to US Bank National Association,

resulting in a cloud on title to the Property [Appx Doc 01, ¶¶ No. 65-73].

Therefore, pursuant to federal and Florida RICO and other state provisions the Taveras seek, among others, damages and treble damages caused during the pendency of the Declaratory Action, the appeal, and other related damages as will be proved at trial, **and a declaration that BANA is liable for the B-Note** pursuant to 28 USC 2201, and Florida Stat. 673.4041.

### IV THE COURT'S PROCEEDINGS

On 3/3/2021 BANA filed its motion to dismiss, referencing a foreclosure action filed by the Trust in the state court **on April 1, 2016**, Case No 2016CA00916 (the "Foreclosure Action" or "state proceeding"), in which the Trust relies on the B-Note and the Mortgage. Notably, although the Complaint alleges that BANA manufactured the "false promissory note" around 6/22/2015, when it appeared for the first time during the pendency of the Declaratory Action, and the foreclosure action was not filed until 4/1/2016, BANA asserts that "**The alleged wrongdoing** of actions by Bank of America took place **during** and in furtherance of the pending Foreclosure Action" (emphasis added) [Appx Doc 31, pg 14]. In their effort to make a separation between the truthful facts related to their action and the foreclosure action, the Taveras on 4/27/2021, they moved to strike BANA's allegations.  [see Appx Doc 46, ¶¶ 5-8]. Surprisingly, although the district court was diligent to rule on different Appellees' motions (as can be seen in the docket), despite the alleged

facts, the evidence supporting them, and the importance of these facts in relation to this action and pending motions to dismiss, the magistrate judge assigned to the case failed to rule on Taveras' motion to strike until he made his recommendation to deny it "as moot", failing to make a fair effort to find the resolution of the dispute.

On 4/02/2021, Appellees BSI and the Trust (the "BCT Defendants"), jointly filed their motion to dismiss [Appx Doc 39]. Like a copy of BANA's motion, BCT Defendants based their motion on the alleged facts that the court lacks jurisdiction pursuant to Colorado River. On 4/18/2021 the Taveras filed their response in opposition to BCT Defendants' motion to dismiss [Appx Doc 42].

It is pertinent to add that on 8/09/2021, the Taveras served their First Request for Production to BSI as well as BANA. The response would serve to identify possible witnesses in this action; nevertheless, BSI moved to stay discovery, without any particular and specific showing needed for delaying this action, but arguing that staying discovery was necessary because their motion to dismiss was pending. The Taveras filed their opposition to the stay, but on 09/22/2021 the magistrate judge signed an order granting BSI's motion to stay (order can be found in district court Doc 71).

On 09/28/2021, after agreeing with opposing parties for a 90 days extension to the deadline to amend pleadings [Appx Doc 72, ¶2], the Taveras filed their Amended Motion Leave to Amend, pursuant to Rule 15(a) and Rule 18 of the

Federal Rule of Civil Procedure, explaining their reasons to amend, [Appx Doc 72, ¶¶ 2-12], including to conform to newly discovered evidence [Appx Doc 72, pg 5]. In the proposed amendment, the Taveras removed their cause of action pursuant to Florida Stat. 817.535 (the annulment of the assignment of mortgage). Appellees opposed.

On 11/01/2021 the Court entered the magistrate judge's Report and Recommendation on pending motions to dismiss, motion to strike, and motion(s) leave to amend (the "R&R") [Appx Doc 78]. The R&R recommends abstention pursuant to Colorado River. The R&R further asserts that leave to amend should be denied because "an amendment would not change the undersigned's recommendation for abstention under *Colorado River*". On 12/31/2021, the Taveras filed their Objection to Magistrate Report and Recommendation (the "Objection") [Appx Doc 83].

On 03/23/2022, the district court entered its order staying this action pursuant to <u>Colorado River</u> and <u>Moorer v. Demopolis Waterworks & Sewer Bd</u>., 374 F.3d 994, 998 (11th Cir. 2004) [See Appx Doc 87].

On 4/1/2022, the Taveras filed their Motion for Partial Reconsideration (the "MPR"). Although in this stage it should not be necessary to prove the Complaint's pleadings regarding the falsity of the B-Note (that is a fact that the district court should assume as true),  due to the court's reasoning on this regards, the Taveras

submitted new evidence (proper for a motion for reconsideration), including an affidavit executed by Valeria Taveras, affirming that she did not sign the B-Note nor authorized anyone to sign it on her behalf [Appx Doc 88-4], and affidavit of expert opinion executed by handwriting expert Laurie Hoeltzel, who was asked to examine the signature in the B-Note purportedly executed by Valeria Taveras [Appx Doc 88-5 (Exhibits to Laurie's Affidavit omitted)]. As stated in the MPR, although Mrs. Hoeltzel executed the examination of the B-Note in September 2021, for an unknown reason, and for a long time she failed to send the original document to the Taveras, finally she mailed a renewed affidavit to the Taveras around 03/22/2022 [Appx Doc 88, pg 8], when the Taveras could finally use it in their Motion for Reconsideration.

In addition, the Taveras filed their Motion in Limine, asking the district court to admit Mrs. Hoeltzel's affidavit as evidence [Appx Doc 89], and Memorandum of Law in Support of Motion in Limine. Notably, in their motion in Limine the Taveras demonstrate that Valeria Taveras' truthful signature could be found in public records of Miami-Dade, FL Book 24549, Pgs 3905-3928 [See Appx Doc 89, pgs 12-13], and Public Records of Miami-Dade, FL Book 21962, Pgs 3212 -3223 [See Appx Doc 89, pg 14], asking the district court, **as trier of fact**, to compare it with the signature in the B-Note [See Appx Doc 12-1, Exhibit 2, Page 10 of 15]. Accordingly, pursuant to Federal Rule of Evidence 201(c)(2), the Taveras asked the district court, **as trier**

**of fact**, to take judicial notice that the signature on page 6/6 of the B-Note, purportedly executed by Valeria Taveras is a forgery [Appx Doc 88-F] (to which the district court should satisfy its doubt regarding the falsity of the B-Note).

Surprisingly, refusing to consider the overwhelming amount of evidence submitted demonstrating the forgery in the B-Note, which would be the base to demonstrate perjury in BSI's affidavit and fraud upon the Court in the Trust's motion to set aside the Declaratory Judgment, arbitrarily, and more likely for prejudice against the Taveras and in favor of Appellees, on 4/25/2022, the district court denied the MPR finding that "Plaintiff seeks to relitigate matters already decided and to assert or expound upon arguments that could and should have been raised in the first instance."[3] This appeal follows.

## STANDARD OF REVIEW

This Court reviews a district court's order abstaining from the exercise of jurisdiction on <u>Colorado River</u> grounds for an abuse of discretion. <u>TranSouth Fin. Corp. v. Bell</u>, 149 F.3d 1292, 1294 (11th Cir. 1998) (citing <u>Am. Bankers Ins. Co. of Fla. v. First State Ins. Co</u>., 891 F.2d 882, 884 (11th Cir. 1990)).

Further, the Court reviews a district court's decision regarding leave to amend a complaint for an abuse of discretion but review questions of law de novo. <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 477 F.3d 1282, 1291 (11th Cir. 2007).

---

[3] As noticed, without an evidentiary hearing, the judge assumed that the Taveras lied when they asserted that Mrs. Hoeltzel failed sent her affidavit on time to be used before.

"A district court abuses its discretion if it misapplies the law . . . ." <u>Ambrosia</u> <u>Coal & Constr. Co. v. Pages Morales</u>, 368 F.3d 1320, 1332 (11th Cir. 2004) (citing <u>Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l</u>, 238 F.3d 1300, 1308 (11th Cir. 2001)), or makes findings of fact that are clearly erroneous, <u>United States v. Jordan</u>, 316 F.3d 1215, 1249 (11th Cir.2003).

## SUMMARY OF ARGUMENT

I. Colorado River is unapplicable. After weighing the Colorado River factors (see below), the Court should conclude that the district court abused its discretion by abstaining in this case:

(1) The first factor looks not to the location of the res, but the jurisdiction of the court. A review of the amended complaint, filed by US Bank, demonstrates that the state court will not be stripped of jurisdiction by the outcome of this action.

(2) The district court has no bases to conclude that the state forum is more convenient than the federal: the court ignored the pleadings in the Complaint and the evidence submitted, which demonstrate that a list of witness should, in fact, include people from different states; furthermore, the district court made no findings concerning the location of evidence and nonparty witnesses.

(3) The third factor does not militate in favor of abstention here. The circumstances enveloping both cases will not likely lead to piecemeal litigation that is abnormally excessive or deleterious. Further, in the ongoing foreclosure action,

the state court cannot decide any action against BANA or BSI.

(4) Regarding the fourth factor, the order in which the parties obtained jurisdiction, again, this factor does not militate in favor of abstention. Although the state court's case was filed first, in December 2018 the new foreclosure plaintiff reset the clock and now it has filed another motion for leave to amend the complaint, which more likely will reset the clock again [See Appx Doc 88-14 (attachments to US Bank's proposed Second Amended Complaint omitted)].

(5) The fact that "Florida law governs the majority of Plaintiffs' claims" [Appx Doc 78, pg 12] not necessarily militates in favor of abstention. The district court did not find that this action involves complex questions of state law that a state court might be best suited to resolve. Furthermore, the district court made no finding that it is incapable of protecting the Taveras' rights.

II. There is not a litigation privilege that provides organizations absolute immunity to commit felonies of perjury and forgery, fraud upon the court, mail fraud, and to violate federal and Florida RICO statutes in furtherance of equitable actions of foreclosure.

III. The district court erred denying motion for leave to amend.

## ARGUMENT

## COLORADO RIVER IS UNAPPLICABLE

This court has cataloged six factors that must be weighed in analyzing the

permissibility of abstention under Colorado River:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir.1990).

With regard to weighing these considerations, the Supreme Court explained that "[n]o one factor is necessarily determinative," Colorado River, 424 U.S. at 818, 96 S.Ct. at 1247, and that "[t]he weight to be given to any one factor may vary greatly from case to case," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28, 103 S. Ct. 927, 943 (1983). Furthermore, the factors must be considered flexibly and pragmatically, not as a "mechanical checklist." Id. Finally, the abstention inquiry must be "heavily weighted in favor of the exercise of jurisdiction." Id.

This Court emphasizes "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. Thus, "Colorado River abstention is particularly rare." Jackson-Platts v. Gen. Electric Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013).

First, the district court said that the first Colorado River factor favors abstention because the cases at issue involve the Property. This conclusion rests

upon a clear misapplication of Colorado River and the ignorance of the pleadings in the Complaint. The first factor looks not to the location of the res, but the jurisdiction of the court. As noticed in the foreclosure complaint, regarding the court's jurisdiction, the foreclosure's plaintiff has asserted that "[T]his is an in rem action for equitable relief or **alternatively, for damages**" (emphasis added) [See Appx Doc 34-3, ¶ No. 1; and ¶¶ No. 19-39].

A quick balance between both actions demonstrates that the state court will not be stripped of jurisdiction for the outcome of this action. US Bank (new foreclosure plaintiff), filed an amended complaint on 12/21/2018 (the "USB Complaint"), including a cause of action for equitable subrogation, alternatively seeking to foreclose a certain mortgage that was owned by the sellers of the real estate sales transaction of the Property [See Appx Doc 34, pgs 6, 7]. The Taveras attached a copy of the USB Complaint [See Appx Doc 34-3], and stated a portion of paragraph 27 of the US Bank Complaint, which asserts

> "Assuming arguendo that Valeria Taveras' signature was forged on the Note and/or Mortgage, Plaintiff is entitled by the doctrine of equitable subrogation to the imposition and foreclosure of an equitable lien against the subject property in an amount equal to the proceeds of its mortgage used to pay off the prior mortgage"

[Appx Doc 34, pgs 7-8, see also Appx Doc 34-3, ¶ 27].

As noticed by the Taveras, the state court affirmed the "righteousness" of US Bank's pleading in its cause of action for equitable subrogation when it denied their

motion to dismiss, therefore, a finding of the nullity of the B-Note will not prevent the state court from granting relief; in another hand, a resolution of the Foreclosure Action would not put an end to the dispute between the parties in this action [Appx Doc 34, pgs 8-9].[4]

Therefore, the first Colorado River factor does not favor abstention.

Regarding the second factor, the district court has no bases to conclude that the state forum is more convenient than the federal. The district court ignored the pleadings in the Complaint [see Appx Doc 01, ¶¶ 9-12], the Taveras' pleadings in their Motion for Leave to Amend [see Appx Doc 72, ¶¶ 2-12], and the evidence submitted [see Appx Doc 12-3, Manuel Villegas' affidavit, reflecting its execution in the state of Texas, and affirming that the B-Note was under the custodian of BSI, and Appx Doc 12-1, page 10, the B-Note's indorsement executed by Christina Schmitt, Assistant Vice-President of BANA, more likely working in North Carolina], all these facts demonstrate that a list of witness should, in fact, include people from different states; (b) furthermore, the district court made no findings concerning the location of evidence and nonparty witnesses; as a matter of fact, with its order granting a stay to discovery, it deprived the Taveras from identifying more witnesses.

---

[4] The Appellees have suggested that US Bank's second cause of action is futile, because if the note is found to be false, then US Bank will not have standing to proceed. Although this might be true, is a conclusory statement, contrary to the state court's opinion as it denied the foreclosure defendants' motion to dismiss.

The third factor concerns the avoidance of piecemeal litigation. Definitely, this factor does not militate in favor of abstention here:

(1) The district court rested its contrary conclusion overruling the Taveras' objection finding that "Plaintiffs have failed to demonstrate why the state proceedings cannot provide an adequate remedy for their claims." On the district court's misguided reasoning, a per-se rule would be created demanding that parties have to make such a demonstration.

(2) In the ongoing foreclosure action, the state court cannot decide any action against BANA and BSI (BSI is not and never was a party in the foreclosure action and there is no evidence that it was a "predecessor in interest" of US Bank so that the Taveras could seek remedy in the foreclosure action).

(3) This action is not about the validity of the "promissory note" or about the Property, but about damages resulting from the alleged criminal acts during the pendency of the Declaratory Action. The district court adopted the R&R finding that in this action the "fundamental question", is the "validity of the note" [Appx Doc 87, pg 2]; **that is not a question, it is a fact stated in the complaint that must be accepted as true by the court** [see Appx Doc 34, pgs 9-10, and Appx Doc 42, pg 3], the court "must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246,

1247 (11th Cir. 2003) (per curiam).

As noticed, the court decided to ignore the Taveras' Objection that the R&R fails and refuses to consider the real facts and the totality of the circumstances of this action (which establishes the timeline), and that this action is not only about the Property (or the note); the R&R ignores "the alleged violations of federal and Florida criminal statutes, the alleged damages in the Complaint, and provisions for remedy under federal and Florida RICO" [Appx Doc 83, pg 4]. The district court wrongfully found that the magistrate judge acted correctly ignoring the allegations of the Complaint just "because his recommendation of dismissal is based on the Colorado River abstention doctrine" [Appx Doc 87, pg 2]. For example, the magistrate judge wrongfully suggests that "[H]ere, piecemeal litigation will result if this federal case proceeds while the State Foreclosure Action continues, as the issues in both fora revolve around the Property….a close review of the Complaint demonstrates that much of Plaintiffs' requested relief will be decided by the state court… Plaintiffs seek a declaration that the B-Note is null and void (id. ¶¶ 206–207)" [Appx Doc 78, pg 11]. The Taveras brought to the court's attention that the magistrate judge was wrong in his findings. In fact, in those paragraphs, the Complaint asserts that the assignments of mortgage (not the mortgage nor the note) must be declared null and void [See the assignments at Appx Doc 01, ¶¶ 65-71, see also Appx Doc 01, ¶¶ 206-207]. That is a provision of FL Stat. 817.535(8)(b)(1).

Moreover, although the plausibility standard does not "impose a probability requirement at the pleading stage," and a complaint may proceed even if the court suspects that uncovering actual proof of the pleaded facts is improbable and recovery is unlikely, Twombly, 550 U.S. at 556, only to satisfy the court's doubt related to the Complaint's assertions about the falsity of the purported promissory note (which the district court wrongly refused to consider as true), the Taveras submitted evidence that the court wrongfully refused to consider.

The third factor does not favor abstention unless the circumstances enveloping both cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious. Similar to Ambrosia, although the dual proceedings in this instance will likely result in some repetition of efforts, "there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority of federal cases with concurrent state counterparts" Ambrosia Coal, at 1330.

Furthermore, because the parties transferred or caused to be transferred the B-Note after the foreclosure action was filed, the Taveras "had no reasonable opportunity" to file their federal suit first. Moses H. Cone, at 38.

Regarding the fourth factor, the order in which the parties obtained jurisdiction, once again the district court wrongfully concludes that this factor supports the abstention, pursuant to the magistrate judge's argument that "[A]s the state court docket shows, the complaint to foreclose the mortgage on the Property

19

was filed April 1, 2016, whereas the federal case was not filed until January 27, 2021". The Supreme Court clarified that, despite somewhat misleading phrasing in Colorado River, this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 940. Although the state court's case was filed first, the district court missed the facts that (1) In December 2018 "US Bank filed an amended complaint" re-setting the clock [Appx Doc 83, pg 11], and (b) that US Bank has filed a Motion for leave to file a second amended complaint, which more likely will be granted,[5] and reset the clock again [See Appx Doc 88, pg 6 ¶2, and Appx Doc 88-2].

　　　The district court adopted the R&R regarding the fifth factor, because "Florida law governs the majority of Plaintiffs' claims" [Appx Doc 78, pg 12]. That is not sufficient reason to abstain, further, the district court did not find that this action involves complex questions of state law that a state court might be best suited to resolve. See Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 382 (11th Cir.1988) (explaining that the application of Florida law alone in a federal diversity case did not favor Colorado River abstention where no "complex questions of state law" were at issue). The district court bases its finding in that the Taveras "do not explain why the state court cannot consider their RICO claim or why they cannot

---

[5] A hearing on that motion to file the second amended complaint has been set for August 9, 2022. Further, US Bank's attorneys have assured by email that their motion will be granted.

bring their claims in the State Foreclosure Action" nevertheless, the district court made no finding that it is incapable of protecting the Taveras' rights.

The Colorado River factors, taken individually and together, do not weigh strongly in favor of abstention. The district court reached its decision to stay under Colorado River by misapplying most or all of those factors and by failing to appreciate the gravity of its duty to exercise jurisdiction.

Colorado River abstention applies only "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. If the federal and state proceedings are not parallel, then the Colorado River doctrine does not apply. See TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 (7th Cir. 2005) (citing AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001)).

There is no clear test for deciding whether two cases contain substantially similar parties and issues. But, the balance in these situations begins tilted heavily in favor of the exercise of the court's jurisdiction. As noticed by the Taveras "There is no dispute between BSI and the Taveras in the Foreclosure" [Appx Doc 42, pg 14]. Further, the Taveras demonstrate that the state court's action will not put an end between them and BANA. A court may enter a stay under the Colorado River doctrine only if it has "full confidence" that the parallel state litigation will end the parties' dispute. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271,

277 (1988). The district court could not reasonably come to its conclusion here, unless it intentionally decides to ignore the pleadings in the Taveras' Complaint and the pleadings in the US Bank's complaint.

If there is any substantial doubt about whether two cases are parallel the court should not abstain.  See Huon v. Johnson & Bell, Ltd., 657 F.3d 641, 646 (7th Cir. 2011) (citing AAR Int'l, Inc., 250 F.3d at 520).  Furthermore, "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case."  Moses H. Cone, 460 U.S. 1, 28, at 940. That is not the case here.

Furthermore, as in Moses, "[T]here was no showing of the requisite exceptional circumstances to justify the District Court's stay order." Moses H. Cone, 460 U.S. at 19.

In top of its error, the district court refused to consider fundamental evidence submitted: the copy of the state court's complaint [See Appx Doc 34-3, Count II], which makes it evident "that the dispute between the Taveras and BCT Defendants will not come to an end, regardless of the Foreclosure outcome" [Appx Doc 42, pgs 8-10].

"The doctrine of abstention . . . is an extraordinary and narrow exception to the **duty of a District Court to adjudicate a controversy properly before it**." Ambrosia Coal & Constr. Co., 368 F.3d at 1331 (quoting Colorado River, 424 U.S.

at 813, 96 S. Ct. at 1244) (emphasis added).

With its order staying this action, the district court is affirming that there is a litigation privilege that provides organizations absolute immunity to commit felonies of perjury and forgery, fraud upon the court, mail fraud, and to violate federal and Florida RICO statutes in furtherance of equitable actions of foreclosure, and that the victims can only seek relief in federal court if they are successful in the foreclosure action. The court is wrong and must be corrected.

The Court entered the order without observance of procedure required by law. The Order is arbitrary and capricious, not in accordance with law, contrary to fundamental principles and rights to be considered: The due process rights, and equal protection of the law, guaranteed by both, the Florida and United States Constitution.[6] The Order departs from the essential requirement of the law, it violates a clearly established principle of law, which resulted in a miscarriage of justice. The Order is something more than a simple legal error, it is contrary not only to case law or interpretation of a statute or procedural rule but contrary to a constitutional provision.

Behind the doctrines of the common law are the fundamental principles of justice. It is one of the fundamental principles of justice that no man should be allowed to take advantage of his own fraud. Here, we need to remember the words

---

[6] The Fifth Amendment's Due Process Clause requires the United States government to practice equal protection.

of Mr. Justice Miller, in <u>United States v. Throckmorton</u>, who, delivered the opinion

of the court, stated:

> "…But there is an admitted exception to [the general rule] in cases
> where, by reason of something done by the successful party to the suit,
> there was, in fact, no adversary trial or decision of the issue in the case.
> Where the unsuccessful party has been prevented from exhibiting fully
> his case by fraud or deception practised on him by his opponent…
> (these) are reasons for which a new suit may be sustained to set aside
> and annul the former judgment or decree and open the case for a new
> and fair hearing .... In all these cases and many others which have been
> examined relief has been granted on the ground that, by some fraud
> practiced directly upon the party seeking relief against the judgment or
> decree, that party has been prevented from presenting all of his case to
> the court."

98 U.S. 61 (1878).

Here, like in Throckmorton, "there was, in fact, no adversary trial or decision

of the issue" in the Declaratory Action. <u>Id</u>. And the Taveras came seeking relief in

federal court, nevertheless, Appellees, especially BANA and BSI, are saying that

because there is a foreclosure action pending they cannot be sued, and the district

court has affirmed that this is fine, despite the seriousness of the alleged crimes, and

the manifest injustice.

The district court's decision constituted an abuse of discretion.

## LEAVE TO AMEND SHOULD BE GRANTED

Leave to amend under Rule 15(a) should be freely given where the

"underlying facts or circumstances relied upon by a plaintiff may be a proper subject

of relief." <u>Hall v. United Ins. Co. of Am</u>., 367 F.3d 1255, 1262 (11th Cir. 2004)

(quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); accord Fed. R. Civ. P. 15(a)(2)

("The court should freely give leave when justice so requires."). The district court is

wrong in its finding that the Taveras' amendment would be futile, barred by

Colorado River.

The district court's decision constituted an abuse of discretion.

## CONCLUSION

The district court has stayed this action pursuant to Colorado River, based on

its mistaken assumption that the allegations in a complaint can be ignored (regarding

dates, acts, effects, law provisions, etc.), as long as a real property is involved. With

its decision the court has erroneously affirmed that there is a litigation privilege that

provides organizations absolute immunity to commit felonies of perjury and forgery,

fraud upon the court, mail fraud, and to violate federal and Florida RICO statutes in

equitable actions of foreclosure. Further, the district court erred by denying the

Taveras' motion for leave to amend. The district court abused its discretion.

For the above-stated reasons, the district court's order staying this action and

denying the Taveras' motion leave to amend is due to be reversed.

Filed jointly on 7/13/2022,

Eliezer Taveras
12105 SW 110 Street Cir N
Miami FL 33186
(305) 515-4840
Etaveras2020@gmail.com

Valeria Taveras
12105 SW 110 Street Cir N
Miami FL 33186
(305) 515-4840
valtaveras@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitation of Rule 32 of Federal Rule of Appellate Procedure. This document contains 6345 words. The document complies with the typeface requirements of FRAP 32(A)(5) and the type-style requirements of FRAP 32(a)(6), it is been typed in Times New Roman letter style, size 14, double spaced.

Eliezer Taveras
12105 SW 110 Street Cir N
Miami FL 33186
(305) 515-4840
Etaveras2020@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on Appellees' counsels have authorized service by email. Therefore, on 7/13/2022 a copy of the foregoing has been served on to Appellees, c/o their counsels of records, via electronic mail to roy.taub@gmlaw.com; cheryl.cochran@gmlaw.com; gmforeclosure@gmlaw.com; mam@lgplaw.com; jrlii@lgplaw.com; iss@lgplaw.com; drl@lgplaw.com; and service@lgplaw.com.

I further certify that 4 copies of this Initial Brief have been mailed today to this Court.

Eliezer Taveras
12105 SW 110 Street Cir N
Miami FL 33186
(305) 515-4840
Etaveras2020@gmail.com